## Commonwealth v. One Ford Truck

*Bert A. Hoffman*, Special Deputy Attorney General, for Commonwealth.

*Vincent R. Smith*, for respondent.

LAIRD, J., April 4, 1938.—This is a petition of the Pennsylvania Liquor Control Board for the forfeiture of a Ford truck alleged to have been used in the illegal manufacture or transportation of liquor.

An answer was filed to the petition by the owner of the truck in question and the matter came on for hearing before the court on March 21, 1938, at which time the parties were present, were represented by counsel, produced their witnesses, and offered testimony. . . .

This is a proceeding under section 611 of the Pennsylvania Liquor Control Act of June 16, 1937, P. L. 1762, for the forfeiture of a truck.

The Commonwealth contends that, because the truck was used in the transportation of ingredients and materials necessary in the manufacture and sale of illegal liquor, the truck comes under the section of the act above cited, and that it should, therefore, be forfeited to the Commonwealth.

It is the first clause of section 611 of the act, which is referred to and relied upon for the forfeiture and condemnation of this truck. The clause reads as follows:

"(a) No property rights shall exist in any liquor, alcohol, malt or brewed beverage illegally possessed, or in

any still, equipment, material, utensil, vehicle, boat, vessel, animals or aircraft used in the illegal manufacture or illegal transportation of liquor, alcohol, malt or brewed beverages, and the same shall be deemed contraband and shall be forfeited to the Commonwealth. No such property, when in the custody of the law, shall be seized or taken therefrom on any writ of replevin or like process."

We do not believe the act in question warrants the granting of the prayer of this petition. This act is a penal statute and, notwithstanding its own provisions as to construction, cannot be so liberally construed as to warrant a finding that the three-ton Ford truck in question was "used in the illegal manufacture or illegal transportation of liquor."

True, the liquor could not have been manufactured successfully without the use of sugar and could not have been conveniently or advantageously disposed of, sold, conveyed, or transported without the use of the cans, with which the truck in question was loaded at the time of its seizure, but a careful reading of the section in question does not convince us that the legislature intended to go any further than its language warrants. Had the truck at the time of its seizure been engaged in the illegal transportation of liquor, we would not hesitate to grant the petition and allow the forfeiture and condemnation of the truck in question, but at the time of its seizure and at the time of the arrest of its owner and driver the truck was not engaged in the transportation of liquor.

While the truck was engaged in the transportation of sugar and cans, yet to hold that because a truck is loaded with cans and sugar it may be confiscated, condemned, and sold and the owner thereby deprived of his property would have very far-reaching results not contemplated by the Act of 1937, supra. Were we to hold as contended by the Commonwealth, we can see that a great hardship might easily be visited upon every grocer in the land, and every merchant or private person who had in his pos-

session ingredients used in the manufacture of liquor might be subjected to continual annoyance by enforcement officers.

We are not unmindful that section 3(a) of the act in question provides that "This act shall be deemed an exercise of the police power of the Commonwealth for the protection of the public welfare, health, peace and morals of the people of the Commonwealth, and to prohibit forever the open saloon; and all of the provisions of this act shall be liberally construed for the accomplishment of this purpose," but we believe that acts of assembly should be construed to effectuate the intention of the legislature and this intention can be determined only by construction of the language used. We do not believe that the language used in this act warrants the construction sought to be placed upon it by the Commonwealth in this case.

In the case of Commonwealth v. West Philadelphia Fidelio Mannerchor, 22 D. & C. 196, 199, it was said by Judge Gordon:

"Should, therefore, the liberal or the strict construction be adopted? If the provision were merely regulatory, there would be no hesitancy to adopt the liberal construction contended for by the Attorney General, and this would be in conformity with section 3(a) of the act, which directs that its provisions shall be liberally construed for the accomplishment of its purposes. The difficulty in doing this, however, lies in the fact that the provision is highly penal, its violation entailing both criminal penalties and forfeiture of license and, under well-settled rules of statutory interpretation, must be strictly construed. The citizen reading the act for the purpose of determining what he may or may not do is entitled to assume that he is prohibited from doing only what the act clearly and distinctly forbids. If there be any dubiety or ambiguity in the expression of the legislative intent in a penal statute, the rule of strict construction permits him to resolve the doubt most favorably to his freedom of ac-

tion, without incurring the danger of the penalty. All rules of construction of penal statutes demand that a prohibition, coupled with a penalty, be extended no further than the clear language of the statute authorizes, and, if any doubt exists in a particular instance, it must be resolved in favor of innocence: 59 C. J. 1113."

It will be noted that the act provides that "No property rights shall exist in any . . . vehicle . . . used in the illegal manufacture or illegal transportation of liquor". The truck in question was not being used in the transportation of liquor, either legal or illegal, and was not being used in the manufacture of liquor. Transportation can hardly be classed as manufacture.

It is unquestionably for the legislature and not for the court to define a crime and ordain its punishment and, the legislature not having ordained or enacted that a truck or vehicle used in the transportation of materials or ingredients which go to the manufacture of illegal liquor is guilty of a crime and thereby liable to seizure and forfeiture, we cannot usurp its function and so hold.

It is said in Endlich on Interpretation of Statutes, p. 10, secs. 7 and 8:

". . . when the words admit of but one meaning, a Court is not at liberty to speculate on the intention of the Legislature, or to construe an Act according to its own notions of what ought to have been enacted. . . . It is inaccurate to speak of the meaning or intent of a statute as something separate or distinct from the meaning of its language. 'The intention of the Legislature is to be ascertained by means of the words which it has used, and though these words are often modified, though their literal sense is not always adopted, though they are sometimes strained, transported, treated as inadequate or as superfluous, they are still the only interpreters of the mind of the Legislature.' 'Index animi sermo.' 'The court knows nothing of the intention of an act, except from the words in which it is expressed, applied to the facts exist-

ing at the time;' 'the meaning of the law being the law itself.' "

Applying these principles and these rules and giving the statute in question as liberal an interpretation as possible, we cannot find that the three-ton Ford truck in question has been brought within its provisions or that the truck is liable to seizure and forfeiture. Therefore, we must deny the petition.

And now, to wit, April 4, 1938, after the taking of testimony, and after due and careful consideration, it is ordered, adjudged, and decreed that the petition of the Pennsylvania Liquor Control Board for an order of forfeiture, adjudging the said property forfeited to the Commonwealth of Pennsylvania, be and the same hereby is denied and refused for the reasons set forth in the foregoing opinion.